### SIBCY et v MUMFORD

Ohio Appeals, 9th Dist, Lorain Co

No 700.  Decided May 11, 1934

R. H. Rice, Elyria, for plaintiffs in error.
Webber & Black, Elyria, for defendant in error.

## OPINION

By STEVENS, J.

Counsel for defendants urges that the proximate cause of plaintiff's injuries was the failure of the driver of the car in which plaintiff was riding, to so operate his car as to be able to stop the same within the assured clear distance ahead.

We cannot agree with that contention. The driver of the car in which plaintiff was riding was obeying the express mandate of §6310-18, GC, when he attempted to pass the truck of the defendants upon the right side thereof, especially in view of the uncontradicted testimony that he believed said truck to be moving until he was within a few feet of it. As opposed to that situation, is the fact that the defendants were concededly violating the provisions of §6310-26, GC, when they allowed the Ford truck to remain standing upon the highway facing in a direction other than the direction of travel on that side of the highway, without taking any precautions to warn approaching vehicles of the presence of said truck in said position.

It will be further observed that the car in which plaintiff was riding cleared the Ford truck of defendants upon the right side thereof, and came into collision with the unlighted Studebaker car, of the presence of which said driver had no warning.

It is our conclusion that the proximate cause of plaintiff's injuries was the violation by defendants of the provisions of §6310-26, GC, coupled with their failure to warn approaching vehicles of the condition there existing.

It is further contended that there was no evidence against the defendant George Sibcy which would warrant a recovery against him.

The evidence shows that said defendant, together with his father, Wm. C. Sibcy, permitted said truck to stand upon said highway in the position indicated for fully three minutes before the collision in question, after the abandonment of their attempt to remove said Studebaker car from said ditch, and that neither of said defendants made any effort to apprise the driver Berkmeyer of the existence of the dangerous condition there existing, although they had ample time so to do. Such conduct upon the part of the defendant George Sibcy amply warranted the jury in returning a verdict against him, in the opinion of this court.

We find on error in the refusal of the court to direct a verdict in favor of either or both of said defendants.

It is next contended that counsel for plaintiff was guilty of misconduct in attempting to apprise the jury of the fact that defendants' automobiles were covered by liability insurance.

The evidence shows counsel for defendants to have been cross-examining the witness Berkmeyer from what purported to be a written statement made and signed by him. It developed later that said statement was one made by the witness Berkmeyer to an insurance company claim agent, and of course counsel for the defendants, who was using the statement in the cross-examination of the witness, knew that it was a statement made to an insurance company agent.

It is our understanding that such procedure opened for inquiry the question of the time of taking, the place, and by whom said statement was taken, and while the statement of counsel for plaintiff, "We object, unless we have this claim agent here," was not a statement, repetition of which should be encouraged, nevertheless we do not believe that it constituted such misconduct as would warrant a reversal of this case, especially when the record as a whole is considered. Nor do we believe that said statement warranted the court in granting a mistrial, and his refusal so to do did not, in our opinion, constitute reversible error, especially in view of the admonition of the court that "the jury should not take into account remarks of counsel."

Furthermore, the remark of counsel to which objection was made, did not indicate whether the claim agent referred to was the agent of a company insuring the cars of the defendants or an agent of an insurance company having insurance on the car driven by the witness; and moreover, later in the trial Wm. C. Sibcy, while being cross-examined by counsel, volunteered the information that he was insured.

We come now to a consideration of the third ground of error—i.e., error in the charge of the court.

Complaint is first made that the court did not properly define the issues in the case.

While the trial court did not label the issues as such, he did say, at page 172 of the record, that "These issues present for your consideration and determination three principal propositions, which are as follows." He then stated the issues presented definitely and clearly, and in such a manner that the jury could not have misunderstood that those were the issues presented for their determination.

The next two errors complained of in the charge are "harping upon the injuries of the plaintiff" and "charging traffic rules."

We find no merit in those contentions.

The last error assigned is the elimination of defendants' defense of agency, by the definition of "passenger" in the general charge.

Nowhere in the record do we find any evidence which could give rise to a relationship of principal and agent between plaintiff and the driver Berkmeyer in the driving of said car. In our opinion the trial court might properly have instructed the jury, as a matter of law, that plaintiff was a passenger in the car driven by Berkmeyer. However, the court did not do that, but submitted the plaintiff's status as a question of fact, to be determined by the jury.

We find no error in the record which would warrant this court in reversing the judgment of the trial court.

Judgment affirmed.

WASHBURN, PJ, and STEVENS, J, concur.